OPINION
Daniel R. Shell, plaintiff, is appealing from the decision of the trial court granting defendant, Crain's Run Water Sewer District, summary judgment upon defendant's motion. Shell had filed suit against Crain's Run alleging six grounds for relief from Crain's Run levying an assessment against his property and proceeding with the construction of a water line. Upon motion of defendant, the trial court dismissed Shell's complaint pursuant to Civ.R. 12(B). Shell appealed, and this court found the trial court erred in dismissing three of the counts, and thus affirmed its decision in part, reversed in part, and remanded for further proceedings.
Crain's Run then filed a motion for summary judgment which, as has been stated, was sustained by the trial court. The sole assignment of error raised by Shell on appeal is that the trial court erred in sustaining defendant's motion for summary judgment.
On appeal, an appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. Whether summary judgment is appropriate hinges upon the movant's demonstration (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C). In addition, the burdens placed upon both the movant and nonmovant in a motion for summary judgment are as follows:
 [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The court had previously held that "[a] motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production." Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, paragraph three of the syllabus. In Dresher, however, a nonmovant is required to produce evidence only on those issues upon which the movant has sustained his or her initial burden as explained above. It is with these principles in mind that we approach the merits of Shell's assignment of error.
The record demonstrates that following the remand to the trial court after the decision of this court, Crain's Run sent a notice by certified mail to Shell that his objections would be addressed at an equalization board meeting to be held on May 12, 1999. Shell failed to attend the meeting. He contends that since he was out of town on a short vacation, he failed to receive the notice in time to attend the hearing. The trial court found that Shell had waived his right to object to the assessment on his property and installation of a water system by Crain's Run, in the following portion of its decision, which we adopt and herein set forth:
 Crain's Run asserts that Shell has waived his right to pursue any remedy through this action. Claiming that R.C. Chapter 6119 clearly provides a procedure for a property owners [sic] to object to assessments, Crain's Run argues that since Shell did not object at the hearing, he is precluded from bringing this action now. R.C. 6119.49 reads in part:
 "In the event that the owner of any lot or parcel of land to be assessed objects to the estimated assessments as provided in section 6119.48 of the Revised Code, the board of trustees of the regional water and sewer district shall appoint an assessment equalization board consisting of three disinterested persons residing in the district, and shall fix the time and place for the hearing by such board of such objections, and the secretary of the board of trustees shall notify, by certified mail, the persons so objecting of the time and place of such hearing. Such notice shall be mailed at least five days before the date of such hearing. In the event that all lands within the district are to be subject to assessment, the assessment equalization board shall consist of three disinterested persons residing outside the district."
 Reading the plain and unambiguous language of the statute, Crain's Run clearly complied with the procedures outlined here. Since the hearing was to take place on May 12, 1999, they were required to mail any notice on or before May 8, [sic: May 7] 1999. Enclosed in Shell's affidavit is the envelope, postmarked May 3, 1999, that carried the notice of the hearing. Therefore, Crain's Run mailed the notice of hearing within sufficient time under the statute.
 Since Shell did not object at the hearing, he has not exhausted his administrative remedies. "Where there is an available administrative or unofficial remedy to which the moving party has not resorted, equity will not exercise jurisdiction until that has been exhausted." 56 Ohio Jurisprudence 3d (1984) Injunctions § 31. In the letter from Shell to Crain's Run, Shell explained to Crain's Run that he did not attend the meeting because he was on a short vacation. However, since he was not present at the meeting, there is no record of the objections he would have made to the "Phase II" water project. Until he exhausts his remedy of voicing his objections in front of the Crain's Run Assessment Equalization Board that the statute has provided, Shell cannot pursue a remedy before this Court.
 Crain's Run gave Shell notice of a hearing and an opportunity to be heard. "Due process mandates that prior to administrative action which results in deprivation of an individual's liberty or property, the governmental agency must afford that individual reasonable notice and an opportunity to be heard." 2 Ohio Jurisprudence 3d (1998) Administrative Law § 83. Crain's Run gave Shell the reasonable notice that was required under the statute by mailing the notice in excess of the five-day period. An opportunity to be heard was afforded to Shell on the date of May 12, 1999 when the Equalization Board hearing convened. Therefore, Crain's Run conducted itself within the mandates of Due Process.
III. CONCLUSION
 After a thorough analysis of the facts and authorities proffered in this case, the Court finds Defendant's motion well taken and is hereby SUSTAINED.
We find the trial court's decision to be well taken. It is not Crain's Run's fault that Shell was voluntarily absent from his property at the time the certified mail was sent to him. Shell could have made arrangements for his mail to be picked up and even signed for him on his behalf by someone who could have notified him wherever he was on vacation of the fact of the upcoming hearing. Shell primarily argues the merits of his objections in this appeal, as he did in the previous appeal. He argues, without any citations to authority, that he did not receive timely notice. Crain's Run, however, fully complied with the law in sending its timely certified mail notice to Shell, and that is all it had to do.
The assignment of error is overruled, and the judgment is affirmed.
FAIN, J. and GRADY, J., concur.